IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-10559
Conference Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

MARIA MARTHA CHAVEZ-GUIDO,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 6:01-CR-61-ALL-C
--------------------
October 30, 2002

Before DeMOSS, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

    Maria Martha Chavez-Guido appeals the sentence imposed
following her guilty plea conviction of being found in the United
States after deportation in violation of 8 U.S.C. § 1326.
Chavez-Guido contends that 8 U.S.C. § 1326(a) and 8 U.S.C.
§ 1326(b)(2) define separate offenses.  She argues that the
aggravated felony conviction that resulted in her increased
sentence is an element of the offense under 8 U.S.C. § 1326(b)(2)
that should have been alleged in her indictment.  Chavez-Guido
maintains that she pleaded guilty to an indictment which charged

---

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

only simple reentry under 8 U.S.C. § 1326(a). She argues that her sentence exceeds the two-year maximum term of imprisonment which may be imposed for that offense.

In Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998), the Supreme Court held that the enhanced penalties in 8 U.S.C. § 1326(b) are sentencing provisions, not elements of separate offenses. The Court further held that the sentencing provisions do not violate the Due Process Clause. Id. at 239-47. Chavez-Guido acknowledges that her argument is foreclosed by Almendarez-Torres, but asserts that the decision has been cast into doubt by Apprendi v. New Jersey, 530 U.S. 466, 490 (2000). She seeks to preserve her argument for further review.

Apprendi did not overrule Almendarez-Torres. See Apprendi, 530 U.S. at 489-90; United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000), cert. denied, 531 U.S. 1202 (2001). This court must follow Almendarez-Torres "unless and until the Supreme Court itself determines to overrule it." Dabeit, 231 F.3d at 984 (internal quotation marks and citation omitted). The judgment of the district court is AFFIRMED.

In lieu of filing an appellee's brief, the Government has filed a motion asking this court to dismiss this appeal or, in the alternative, to summarily affirm the district court's judgment. The Government's motion to dismiss is DENIED. The motion for a summary affirmance is GRANTED. The Government need not file an appellee's brief.

AFFIRMED; MOTION TO DISMISS DENIED; MOTION FOR SUMMARY AFFIRMANCE GRANTED.